**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LINDA J. SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV1329-DJS |
| | ) | |
| **MICHAEL ASTRUE, Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The United States Magistrate Judge to whom this matter was referred issued his report and recommendation ("R&R"), recommending that the Court affirm the final decision of the Commissioner of Social Security denying plaintiff Linda J. Smith's claim for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §401 *et seq*. Plaintiff has filed her objections to that R&R. Pursuant to 18 U.S.C. §636(b), the Court gives *de novo* consideration to those issues to which a specific objection has been made.

The Court notes, as a threshold matter, that plaintiff does not challenge the determination that her impairment or combination of impairments do not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. A finding of disability in plaintiff's case is then dependent upon her residual functional capacity and her ability to perform her

past relevant work or any other work.  The Administrative Law Judge ("ALJ") concluded that plaintiff was able to perform her past relevant work as a transit service manager, and so was not disabled.  He found that she was able to lift no more than 20 pounds at a time and 10 pounds frequently, was able to stand or walk no more than 6 hours and sit for 6 hours during a normal 8-hour workday.  In so finding, the ALJ discounted plaintiff's claims concerning the limiting effect of chronic pain: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  Decision [Doc. #1-2, p. 8 of 11], p.5.

First, plaintiff disputes the magistrate judge's conclusion that the medical record lacks evidence that plaintiff's condition has deteriorated over time or required aggressive medical treatment.  Second, plaintiff challenges the conclusion of the magistrate judge and the administrative law judge ("ALJ") that Dr. Anthony Margherita's opinion of plaintiff's chronic pain is inconsistent with the weight of the medical evidence.  Third, plaintiff objects to the magistrate judge's deferential review concurring in the ALJ's determination as to the credibility of plaintiff's subjective complaints of pain.  These objections require that the Court give *de novo* review to the issue of the weight afforded plaintiff's claim of disabling pain.

More precisely, the Court must consider whether to affirm the ALJ's determination of the issue. The ALJ's written decision sets forth his reasons for his conclusion, which include the following. The ALJ found that "the clinical and objective findings are inconsistent with an individual experiencing totally debilitating symptomatology." Decision [Doc. #1-2, p.8 of 11], p.5. He further noted that the medical record reflects plaintiff's expressions of satisfaction with treatments for pain and does not include clinical findings consistent with prolonged severe pain. Id. Finally, the ALJ discounted the opinion of Dr. Margherita because of its inconsistency with the medical record as a whole and with the objective medical findings, and because he examined plaintiff on only one occasion and was not a treating physician.

This Court is persuaded that the ALJ adequately considered the so-called Polaski factors, and gave in his decision a sufficient discussion of the factors supporting his unwillingness to fully credit plaintiff's subjective complaints of pain. Goff v. Barnhart, 421 F.2d 785, 792 (8th Cir. 2005); Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). As the Eighth Circuit teaches, the Court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain." Gowll v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). Such is the case here. The Court will overrule plaintiff's objections, adopt the magistrate judge's R&R, and affirm the final decision of the Commissioner finding that plaintiff has not

3

established a disability entitling her to disability insurance benefits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections to the magistrate judge's report and recommendation [Doc. #17] are overruled.

**IT IS FURTHER ORDERED** that the report and recommendation [Doc. #16] is accepted and adopted.

Dated this ___19th___ day of November, 2008.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE